DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which after a jury trial found appellant, David Arnold, guilty of one count of felonious assault and guilty of a lesser included offense of unlawful restraint, a misdemeanor of the third degree. For the reasons that follow, this court affirms the judgment of the trial court.
Appointed counsel, Thomas A. Sobecki, has submitted a request to withdraw pursuant to Anders v. California (1967),386 U.S. 738. In support of his request, counsel for appellant states that after reviewing the record of proceedings in the trial court, he was unable to find any meritorious, appealable issues. Counsel for appellant, however, does set forth the following potential assignment of error:
 "THE EVIDENCE OFFERED AT TRIAL WAS INSUFFICIENT FOR THE STATE TO MEET ITS BURDEN."
Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court has proceeded with an examination of the potential assignment of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
The facts that are relevant to the issues raised on appeal are as follows. Appellant was indicted by the Lucas County Grand Jury on March 1, 1999, on one count of kidnaping in violation of R.C. 2905.01(A)(3) and one count of felonious assault in violation of R.C. 2903.11(A)(2). The offenses were alleged to have occurred on or about February 20, 1999, in the city of Toledo, Lucas County, Ohio. Appellant entered pleas of not guilty to both counts.
A jury trial was held on April 14 and 15, 1999, and four witnesses testified for the state, including the victim. Photographs of the crime scene and the victim were also admitted. The victim, Suzanne K. Rubio, testified that she lived with appellant in a boarding house from mid-October 1998 to February 20, 1999. She further testified that on or about February 20, 1999, appellant came home and hit her in the head with his fist and continued hitting her for about ten minutes. Testimony further showed that the Toledo Police knocked on the boarding house door and, when appellant heard them, he tied Rubio's hands behind her back with two socks, put a rag in her mouth and tied a sock around her mouth. Appellant talked to the police through a door and the police never entered the building. The victim further testified she was afraid to make any noise at the time "because I knew he would get to me before the police could." Rubio stated that after the police left, appellant came back to the room, untied Rubio, and tried to stab her with a knife. Appellant then went toward Rubio's throat with a knife. Rubio put her hands up to protect herself and was cut on her hands and her cheek. Rubio testified that appellant kicked and punched her for the next four hours, which left her with bruises, puncture wounds on her left hand near her thumb, and a cracked collarbone. The manager of the restaurant where Rubio worked testified that Rubio had an egg-sized bump on her forehead the next day and a small cut on her cheek and nose. He further testified that appellant came to the restaurant while Rubio was working the morning of February 21. He stated that Rubio ran from appellant and locked herself in the bathroom. The police were called and appellant left the restaurant before the police arrived.
Appellant testified at trial in his own defense. There were no other witnesses that were called by the defense. The jury was charged and instructed on the elements of felonious assault as set forth in R.C. 2903.11(A)(2) as follows:
"(A) No person shall knowingly:
"* * *
 "(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."
The jury was also charged on kidnaping and unlawful restraint under R.C. 2905.03(A) as follows:
 "(A) No person, without privilege to do so, shall knowingly restrain another of his liberty."
The jury returned verdicts of guilty of felonious assault and guilty of unlawful restraint, a lesser included offense of kidnaping.
Attorney Sobecki has represented to this court that he sent a letter to appellant on September 20, 1999, advising him that he had the right to raise any points that he chose, which he should put in writing and send directly to the Court of Appeals of Lucas County, 800 Jackson Street, Toledo, Ohio, as soon as possible. To date, this court has not received any objections or additional information from appellant.
The potential assignment of error in this case raises the issue of whether appellant's conviction was supported by sufficient proof of guilt as to each essential element of the offenses charged.
"`Sufficiency' is a term of art meaning that legal standard which is applied to determine whether * * * the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins (1997), 78 Ohio St.3d 380, 386, quoting Black's Legal Dictionary (6 Ed. 1990) 1433. "In essence sufficiency is a test of adequacy." Thompkins, supra, at 386. Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259.
Pursuant to R.C. 2903.11(A)(2), felonious assault, the state was required to establish that appellant knowingly caused physical harm to Rubio by means of a deadly weapon. To support a finding of guilty of unlawful restraint, the state was required to prove beyond a reasonable doubt that appellant did, without privilege to do so, knowingly restrain Rubio of her liberty. This court has thoroughly considered the entire record of proceedings in the trial. The evidence includes testimony of the victim that appellant repeatedly assaulted her on or about February 20, 1999, that she required treatment for the injuries that she sustained in this assault, and that some of the wounds that she sustained were inflicted by appellant by means of a deadly weapon, to wit: a knife. Appellate courts in this state have held that where injuries to a victim are serious enough to cause her to seek medical treatment or are inflicted by means of a deadly weapon, to wit: a knife, and where the evidence clearly shows that the victim was restrained of her liberty against her will, then a jury may reasonably infer that all the elements of felonious assault and unlawful restraint were proven beyond a reasonable doubt.
Upon thorough consideration of the law and the evidence presented at trial as summarized above, this court finds that sufficient evidence was presented from which any trier of fact could have found, when viewing the evidence in a light most favorable to the prosecution, that appellant knowingly caused serious physical harm to Suzanne Rubio or caused physical harm to her by means of a deadly weapon, and further that the appellant knowingly restrained Suzanne Rubio of her liberty against her will. Accordingly, appellant's sole potential assignment of error is not well-taken.
Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
JAMES R. SHERCK, J., RICHARD W. KNEPPER, P.J., and MARK L. PIETRYKOWSKI, J. concur.